# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2985 | **DATE** | 12/19/2000 |
| **CASE TITLE** | LIVINGSTON vs. PRIME AUTO CREDIT INC et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 30 JAN 01 at 10:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendant First Commercial's motion to dismiss is denied as to Count II of the Prime defendants' amended cross-claims against First Commericial and granted as to Counts I and III of the amended cross-claims. Counts I and III of the Prime defendants' cross-claims are dismissed. First Commercial is given to January 19, 2001 to answer Count II.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 21 2000 date docketed | 45 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 12/19/2000 date mailed notice | |
| JS | courtroom deputy's initials | Date/time received in central Clerk's Office | JS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TAUNYA LIVINGSTON )
)
Plaintiff, )
)
v. ) No. 00 C 2985
)
PRIME AUTO CREDIT, INC., individually )
and as agent or PRIME LENDING, LTD., )
and PRIME LENDING, LTD., individually and )
as agent of FIRST COMMERCIAL BANK, )
)
Defendants. )
)

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge

Plaintiff Taunya Livingston filed a five-count amended complaint against defendants Prime Auto Credit, Inc., individually and as an agent of Prime Lending, Ltd. ("the Prime defendants"), and Prime Lending, Ltd., individually and as an agent of First Commercial Bank ("First Commercial"), alleging violations of the Federal Odometer Requirements Act, violation of the Illinois Consumer Fraud and Deceptive Practices Act, and common law fraud. The Prime defendants filed amended cross-claims against First Commercial, alleging a right to indemnity from First Commercial if there is a finding of no liability on plaintiff's complaint (Count I), a claim for indemnity if found faultless and acting within the scope of its agency relationship with First Commercial (Count II), and an alternative claim for contribution if the Prime defendants are found liable, at fault, and not entitled

1

to contribution (Count III). First Commercial has filed a motion to dismiss the Prime defendants' indemnification and contribution cross-claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, First Commercial's motion to dismiss is granted as to Counts I and III and denied as to Count II.

## BACKGROUND

Plaintiff Taunya Livingston alleges that Prime Auto acted as the agent of both Prime Lending and First Commercial in the sale of cars which had been repossessed by First Commercial. According to plaintiffs' complaint, she agreed to purchase what was represented to be a 1994 Chrysler Concorde in good shape with the Vehicle Identification Number (VIN) 2C3EL56T6PH629381 which had been repossessed by First Commercial. Plaintiff consummated the sale by executing a retail installment contract which indicated the milage of the vehicle as 87,815 miles. The retail assignment contract listed First Commercial as the assignee, but did not list a seller of the vehicle. Plaintiff was given a registration card for the vehicle she purchased and Prime Lending represented that the registration card was the registration for the vehicle she purchased.

Subsequent to the date of the purchase, plaintiff alleges that she learned that the registration card given her was not the registration card for the vehicle she had agreed to buy. The registration card contained a different VIN, VIN 2C3EL56TXRH227446, not VIN 2C3EL56T6PH629381. Plaintiff alleges that she learned that the car was actually a 1993 model, that the title had been branded as a "Salvage and Rebuild" vehicle, that the milage actually traveled by the vehicle was greater that what had been represented, that the vehicle was unsafe and not roadworthy, and that the vehicle had no VIN affixed to it. Plaintiff alleges that none of these facts were ever disclosed to her, and that had she known the true condition of the vehicle, she would not have purchased it.

2

As a result of these events, plaintiff filed a five-count amended complaint against the Prime defendants and First Commercial. Plaintiff alleged violations of the Federal Odometer Requirements Act, violation of the Illinois Consumer Fraud and Deceptive Practices Act, and common law fraud.

The Prime defendants responded to plaintiff's complaint with an answer which denied almost all of the material allegations. The Prime defendants also filed an amended three-count cross-claim against First Commercial. The Prime defendants' amended cross-claims against First Commercial allege a right to indemnity from First Commercial if there is a finding of no liability on plaintiff's complaint (Count I), a claim for indemnity if found faultless and acting within the scope of its agency relationship with First Commercial (Count II), and an alternative claim for contribution if the Prime defendants are found liable, at fault, and not entitled to contribution (Count III). Specifically, the Prime defendants allege that they were acting as First Commercial's agent in the sale of plaintiff's vehicle and other vehicles which had been repossessed by First Commercial by displaying them, offering them for sale, having them serviced at First Commercial's expense, preparing and executing retail sales agreements pursuant to the terms and conditions established by First Commercial, and executing odometer statements. The Prime defendants allege that in pursuing their obligations to First Commercial, they relied upon information provided by First Commercial, including that the odometer displayed the actual number of miles the car had traveled and that the title had not been branded "salvaged" or "rebuilt." In Count II of their cross-claims, the Prime defendants further allege that they acted within the scope of their agency in the sale of plaintiff's vehicle, provided plaintiff only with the information that they were given by First Commercial, and had no duty to recognize errors in the information provided to it by First Commercial.

3

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the court must presume all of the well-pleaded allegations of the complaint to be true. Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S. Ct. 2490, 2492 n.2 (1977). The court must view those allegations in the light most favorable to the plaintiff. Gomez v. Illinois State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal under Rule 12 (b)(6) is proper only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); see also Panares v. Liquid Carbonic Industries Corp., 74 F.3d 786, 791 (7th Cir. 1996).

## ANALYSIS

I.  Counts I and II of the Prime Defendants' Cross-Claims: Indemnification

The Prime defendants do not state a contractual right to indemnity. First Commercial argues the Prime defendants cannot state a claim for implied indemnification. In the absence of a contractual right to indemnification, First Commercial argues, the Prime defendants have no right to implied indemnification because the Illinois Joint Tortfeasors Contribution Act, 740 ILCS 100/1, has abolished implied indemnity between tortfeasors with the exception of two situations which do not apply here. This court disagrees. While implied indemnity has been largely eliminated in Illinois by the Joint Tortfeasors Act, there are situations under which it survives. First Commercial is correct that the Illinois Supreme Court has specifically identified only two situations in which a right to indemnity can be implied -- a faultless defendant in a strict liability action, Liberty Mutual Ins. Co. v. Williams Machine & Tool Co., 62 Ill. 2d 77, 338 N.E. 2d 857, 860 (1975); Frazer v. A.F. Munsterman, Inc., 123 Ill. 2d 245, 527 N.E.2d 1248 (1988), and a faultless principal subjected to

4

vicarious liability for the acts of an agent, American Nat. Bank and Trust Co. v. Columbus-Cuneo-Cabrini Med. Center, 154 Ill. 2d 347, 609 N.E.2d 285 (1992). However, two courts of this district have extended the Illinois Supreme Court's reasoning in Frazer to cover situations in which a faultless agent is subject to liability for acts taken on behalf of a principal, finding that a faultless agent may state a claim for implied indemnity against its principal where the agent was acting within the scope of the agency relationship. See Ores v. Willow West Condominium Ass'n, No. 94 C 4717, 1998 WL 852839, at * 8 (N.D. Ill. Nov. 30, 1998) (Gottschall, J.); Byrton Dairy Products, Inc. v. Harborside Refrigerated Services, Inc., 991 F. Supp. 977, 986 (N.D. Ill. Dec. 1, 1997) (Hart, J.). This court agrees with the reasoning of Judges Gottschall and Hart, and therefore finds that it is possible under Illinois law for the Prime defendants to seek implied indemnity from First Commercial.

In order for an agent to state a claim for implied indemnity against its principal, the agent must allege: (1) that it was acting within the scope of its agency, and (2) that it is faultless. For an agent to be faultless, the agent must have had no duty to recognize the error in the principal's instructions or to otherwise act to prevent the injury. See Ores, 1998 WL 852839 at *8. Here, the Prime defendants allege in Count II of their cross-claims: "Prime Auto and Prime Lending were faultless and had not [sic.] duty to recognize errors in the information provided to it by First Commercial." First Commercial attempts to undermine this allegation by citing the numerous manners in which it may ultimately be found that the Prime defendants had a duty to recognize errors in the information provided by First Commercial and/or otherwise act to prevent the alleged injury. Such arguments are not to be considered by a court in ruling on a motion to dismiss. Construing the allegations in the light most favorable to the Prime defendants, as this court must do in addressing

5

this motion, the Prime defendants have sufficiently pled that they were acting in the scope of their agency and that they had no duty to recognize misinformation or otherwise prevent plaintiff's injury. Accordingly, First Commercial's motion to dismiss the Prime defendants' indemnification cross-claims is denied as to Count II of the Prime defendants' cross-claims.

However, First Commercial's motion to dismiss is granted as to Count I of the Prime defendants' cross-claim for indemnification. Count I attempts to state a claim for indemnification in the event the Prime defendants are found not liable for plaintiff's claims, regardless of whether they are found to be faultless. It is, however, possible under the law applicable to the allegations in plaintiff's complaint that the Prime defendants may be found not liable, but not to be a faultless agent. For purposes of implied indemnity under Illinois law, what matters is whether the Prime defendants were at fault.

In summary, First Commercial's motion to dismiss the Prime defendants' amended cross-claims is granted as to Count I, and denied as to Count II. The Prime defendants may seek indemnification in the event they are found to be: (1) an agent acting within the scope of the agency relationship, and (2) faultless within the meaning of Illinois law.

II.     Count III of the Prime Defendants' Cross-Claims: Contribution

The Prime defendants also initially stated a cross claim for contribution in the event that they are found liable, at fault, and not entitled to indemnification.[1] However, plaintiff's complaint alleges that the Prime defendants committed the intentional torts of odometer fraud, consumer fraud,

---

[1]The Prime defendants did not respond to First Commercial's motion to dismiss the Prime defendants' contribution claims. Accordingly, even if the claims were valid, they are waived by the Prime defendants' failure to defend them.

6

and common law fraud. Under the Illinois Joint Tortfeasor Contribution Act, a defendant accused of intentional wrongdoing has no right to contribution. See Gerill Corp. v. Jack L. Hargrove Builders, Inc., 128 Ill. 2d 179, 206, 538 N.E.2d 530, 542 (1989). Accordingly, Count III of the Prime defendants' amended cross-claims for contribution is dismissed.

## CONCLUSION

For the reasons stated, First Commercial's motion to dismiss is DENIED as to Count II of the Prime defendants' amended cross-claims against First Commercial, but GRANTED as to Count Counts I and III of the amended cross-claims. Counts I and III of the Prime defendants' cross-claims are DISMISSED. First Commercial has until January __ to answer Count II of the Prime defendants' amended cross-claims. This case is set for report on status at 10:00 on January 30, 2001. The parties are urged to discuss the settlement of this case.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: December 19, 2000